UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES W. ANDERSON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 2:15-cv-3125
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on the Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 21] filed by Plaintiff's attorney, Jay W. Dixon. The Commissioner of Social Security does not oppose this Motion.

On September 2, 2016, the Court, pursuant to the parties' Joint Stipulation to Remand [ECF No. 16], reversed the Commissioner's decision in this matter and remanded the case to the Administrative Law Judge (ALJ) for further proceedings under sentence four of 42 U.S.C. § 405(g). (*See* Sept. 2, 2016 Order at 1 [ECF No. 17].) The parties later stipulated to, and the Court granted, a $2,812 award of attorney fees under the Equal Access to Justice Act (EAJA). (Joint Stipulation at 1 [ECF No. 19]; Nov. 23, 2016 Order at 1 [ECF No. 20].) On remand, the ALJ issued a decision favorable to Plaintiff, finding him disabled from April 25, 2012, through the date of the decision. (Mot. at 3 [ECF No. 21].) The amount of past-due benefits owed Plaintiff is $74,002. (*Id.*)

Under § 406(b)(1)(A), a court may, following a favorable judgment on a Social Security disability appeal, award attorney fees not in excess of 25% of the past-due benefits received by the claimant. *See* 42 U.S.C. § 406(b)(1)(A); *Lowery v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 689,

691 (S.D. Ohio 2013). Section 406(b)(1)(A) does not displace contingent-fee agreements; rather, it places a 25% cap on the amount recoverable, and it requires that the fee awarded be reasonable in light of the services rendered. *See* 42 U.S.C. § 406(b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). If a claimant recovers attorney fees under both the EAJA and § 406(b)(1)(A), the claimant's attorney must refund the amount of the smaller fee to the claimant. *Gisbrecht*, 535 U.S. at 796.

Plaintiff entered into a fee agreement with Mr. Dixon's firm under which Plaintiff agreed that the firm would receive 25% of his past-due benefits if his appeal was successful. (Fee Agreement at PageID 759 [ECF No. 21-2].) Pursuant to that agreement, Mr. Dixon requests $5,000, which is approximately 6.8% of the past-due benefits awarded to Plaintiff. (Mot. at 6.) Mr. Dixon is not seeking the full 25% of the past-due benefits for several reasons, "including a desire to limit the financial impact to the Plaintiff, a desire to arrive at a reasonable hourly rate, and a desire to account for his own contribution to the delay in the case." (*Id.* at 9 (emphasis deleted).)[1]

Upon review, the Court finds the requested amount to be reasonable and **GRANTS** Mr. Dixon's Motion [ECF No. 21]. Once he receives the $5,000 awarded here under § 406(b)(1)(A), Mr. Dixon shall remit to Plaintiff the attorney fees previously awarded under the EAJA.

**IT IS SO ORDERED.**

1-19-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] As an aside, Mr. Dixon represents that his firm has already received $6,000 in attorney fees for the work he performed at the administrative level in this case. (Mot. at 4.)

2